Buchanan v. Westinghouse Electric     CV-90-370-B    08/17/93
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE

June Buchanan, Administratrix of the
Estate of David Buchanan

     v.                                    Civil No.  90-370-B

Westinghouse Electric Corp., et al.


                              **O R D E R**


     Zurn Industries, Inc. ("Zurn") has moved to dismiss

plaintiff's claim for hedonic damages.

     In denying this motion, I am persuaded by my colleague's

reasoning in Lebeau v. Dartmouth College, et al., Civ. No. 91-

169-JD, slip op. at 2-6 (D.N.H. Apr. 22, 1993)(DiClerico, J.).  I

have little to add to the debate on this subject except to say

that I rely to a great extent on the accepted New Hampshire rule

of statutory construction that statutes should be construed

wherever possible to avoid redundancy.  Snyder v. New Hampshire

Sav. Bank, 134 N.H. 32, 39 (1991); State v. Powell, 132 N.H. 562,

568 (1989).  To accept Zurn's interpretation of N.H. Rev. Stat.

Ann. ("RSA") § 556:12 (1974), the wrongful death statute, I would

have to determine that the legislature intended the phrase "the

probable duration of his life but for the injury" to redundantly

modify the phrase "and his capacity to earn money during his probable working life."  I decline to do so because the plaintiff's alternative interpretation reasonably gives meaning to the entire statute.

Zurn argues that its interpretation is mandated by the New Hampshire Supreme Court's recent decision in Thibeault v. Campbell, 136 N.H. 698, 704 (1993).  In Thibeault, the court ruled that a new trial was required to determine the amount of damages to be awarded on plaintiff's wrongful death claim.  In determining that the damages found by the jury were excessive, the court addressed two of the plaintiff's specific arguments without mentioning the subject of hedonic damages.  Given the heated debate that has accompanied this important issue and the number of divergent lower court opinions on the subject, it is unlikely that the court would have disposed of this issue sub silentio.  Accordingly, I decline to read the decision as broadly as Zurn suggests.

Zurn's Motion to Dismiss Plaintiff's Claim for Hedonic Damages (document no. 39) is denied.

SO ORDERED.


                                        _____
                                        Paul Barbadoro
                                        United States District Judge
August 17, 1993

cc:   Jeffrey S. Cohen, Esq.
      Timothy Smith Reiniger, Esq.
      David L. Nixon, Esq.
      Matthew Schafner, Esq.